■  EARNESTINE ALEXANDER, as Administratrix of the Estate of JOSEPH ALEXANDER, Deceased, Respondent, et al., Plaintiff, v CITY OF NEW YORK, Respondent-Appellant, and KINNEY'S NATIONAL SERVICE, INC., Appellant-Respondent. (Action No 1.) RUFUS SIMMONS, as Administrator of the Estate of MILDRED SIMMONS, Deceased, et al., Respondents, v KINNEY NATIONAL SERVICE, INC., et al., Appellants-Respondents, and CITY OF NEW YORK, Respondent-Appellant. (Action No. 2.)—Judgments of the Supreme Court, Bronx County, entered on March 20, 1975 against Kinney's National Ser-

vice, Inc. (Action No. 1), and May 1, 1975, against Kinney National Service, Inc., and Kinney Parking System, Inc. (Action No. 2), modified, on the law and on the facts, to reverse and dismiss the complaints against defendants Kinney, without costs and without disbursements, and to sever the actions as to said defendants; and, as to defendant City of New York in each action, to grant a new trial solely on the issue of damages, without costs and without disbursements, unless the respective plaintiffs Alexander and Simmons within 20 days of service upon each of them by defendant City of New York of a copy of the order entered herein with notice of entry serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict against the city in favor of plaintiff Alexander to $200,000, and to the entry of an amended judgment in accordance therewith, and a written stipulation consenting to reduce the verdict against the city in favor of plaintiff Simmons to $250,000 and to the entry of an amended judgment in accordance therewith. If the plaintiffs consent to said respective reductions, the judgments as so amended and reduced are affirmed, without costs and disbursements. The respective amounts awarded by the jury in favor of each plaintiff against the City of New York were excessive and such judgments exceeding the amount indicated herein are not warranted on this record. On this latter point it is noted that Justice Capozzoli dissents and votes to affirm each judgment against the City of New York in all respects. The court is unanimous in its opinion that there is no showing of negligence on the part of Kinney's in its care and custody of the Mercury automobile which concededly was stolen from Kinney's 45th Street garage on the evening of October 12, 1967. It appears that some hours later this stolen automobile was pursued by police and during the pursuit was involved in the tragic and fatal accident in which Mr. Simmons and Mrs. Alexander lost their lives. There was no proof that the said automobile (rented from the Hertz Corporation) was left unattended on the main floor of the Kinney garage with the key in its ignition as alleged by plaintiffs. In fact, Lt. Agnese, a Brazilian Marine officer who had leased the automobile, testified that he saw it driven up the ramp by a garage attendant after he had brought the car into the garage for temporary storage. Through the testimony of Mr. Polk, a Kinney's vice-president, contained in a deposition before trial read into the record, plaintiffs sought to establish that the failure of Kinney's to produce the garage portion of the claim check given to Lt. Agnese meant the car was not put on another floor. This conclusion was mere speculation. The said garage portion of the claim check was found to be missing when the police, during the day following the occurrence, visited the Kinney garage after speaking with Lt. Agnese and securing his portion of the claim check. Once a theft of property is established, the burden of going forward with proof to show that the theft was due to negligence of a bailee, rests in the ordinary bailment case, upon a bailor. Here, neither plaintiff is a bailor, but in any event, plaintiffs claiming to be affected by the alleged failure of Kinney's to use due care in the custody of said automobile, have not met this burden. Even assuming negligence on the part of Kinney's, we are not prepared to say that the failure to use due care in the custody of said automobile could be the proximate cause of the intersection accident heretofore referred to. (*Palsgraf v Long Is. R. R. Co.*, 248 NY 339; cf. *Ney v Yellow Cab Co.*, 2 Ill 2d 74.) Plaintiffs claimed that a failure of the pursuing police to sound a siren to warn other motorists (a claim that was disputed by the police witnesses) was negligence and a proximate cause of the accident at the intersection of 138th Street and Seventh Avenue. The court is unanimous in its opinion

that the alleged negligence of the police officers in the circumstances was properly left to the jury *(Thain v City of New York,* 35 AD2d 545, affd 30 NY2d 524). Concur—Markewich, J. P., Birns, Silverman and Lane, JJ.; Capozzoli, J., dissents in part in the following memorandum: Capozzoli, J. (dissenting in part). The decedent, Joseph Alexander, at the time of his death was 46 years of age, with a life expectancy of 23.9 years. His wife was 45 years of age, with a life expectancy of 30 years. He also left two children, one 10 years of age and the other 3 years. He operated his own upholstery shop for seven years, up to the time of the accident, and there is testimony in the record that he earned between seven and ten thousand dollars per year. He gave his wife, the administratrix, $100 per week and, in addition, paid the rent of $82 per month. Aside from the economic loss, his children were deprived of his parental care and guidance. Under the circumstances and considering the inflation which affects every one, I cannot agree that the verdict of the jury for $250,000 is excessive. At the time of her death Mrs. Simmons was 30 years of age, with a life expectancy of 42.7 years. Her husband was 33 years of age and had a life expectancy of 33 years. They had three children, who were 10, 9 and 5 years of age at the time of their mother's death. There is no question about Mrs. Simmons being a good wife and mother and that, certainly, her loss was a heavy one to her husband and children. I cannot agree that the verdict of the jury in favor of Mrs. Simmons' husband and children, in the sum of $325,000 is excessive. I do not believe that the verdicts in both cases were arrived at as the result of sympathy, passion or prejudice of any kind. Nor do I find the sums awarded so excessive as to shock the conscience. Hence, it may not be said, as a matter of law, that the verdicts of the jury are excessive. It is settled law that the fixing of pecuniary damages in a death case is peculiarly for a jury and their assessment should not be disturbed, except in extraordinary situations. Therefore, I dissent from the conclusion reached by the majority insofar as it would reduce the Alexander verdict to $200,000 and the Simmons verdict to $250,000.