REMES v DUBY (AFTER REMAND)

Docket No. 77-3200. Submitted October 11, 1978, at Lansing.—Decided December 6, 1978. Leave to appeal applied for.

Richard C. Remes and Billie Jane Remes commenced an action for damages for trespass against deputy sheriffs Joseph Duby and Gerald Woods, the law firm of Brown, Colman and De-Ment, and Michael L. Chojnowski, a member of that law firm. The defendants' motion for summary judgment was granted and the plaintiffs appealed. The Court of Appeals reversed and remanded, 69 Mich App 265 (1976). On remand, the plaintiffs were granted an opportunity to amend their pleadings to include specific allegations as to the defendant attorneys' part in directing the alleged trespass of deputy sheriffs Woods and Duby. Subsequently summary judgment was granted as to defendants Michael L. Chojnowski and Brown, Colman & De-Ment in Eaton Circuit Court, Hudson E. Deming, J., based on the failure of the plaintiffs to present competent evidence to support the allegations as to the defendant attorneys' part in directing the alleged trespass. Plaintiffs appeal. *Held:*

Plaintiffs' affidavits supporting the allegations in the amended complaint, for the most part, contain inadmissible hearsay, mere conclusionary language and reiteration of the unsworn averments in the complaint, and as such are insufficient to support the plaintiffs' claim. The summary judgment was proper.

Affirmed.

1. Judgment—Summary Judgment—Failure to State Claim—Pleadings—Court Rules.

Motions for summary judgment based on the failure of a plaintiff to state a claim upon which relief can be granted are to be tested on the pleadings alone (GCR 1963, 117.2[1]).

References for Points in Headnotes

[1, 2] 73 Am Jur 2d, Summary Judgment § 13.

[3] 73 Am Jur 2d, Summary Judgment § 18.

[4] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

2. JUDGMENT—SUMMARY JUDGMENT—GENUINE ISSUE OF FACT—AFFI-
DAVITS—COURT RULES.

A motion for summary judgment based on the failure of a plaintiff to raise a genuine issue as to any material fact is designed to determine whether there is any competent evidence that could support the plaintiff's claim; in ruling on such a motion, the trial court must consider the pleadings, affidavits, depositions, admissions and documentary evidence filed in the action (GCR 1963, 117.2[3]).

3. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVITS—COURT RULES.

Affidavits used in a summary judgment proceeding must be made on personal knowledge of the affiant and shall set forth with particularity such facts as would be admissible as evidence to establish or deny the grounds stated in the pleading or motion, and such standard is not satisfied with an affidavit which is based solely on information and belief (GCR 117.2[3]).

4. JUDGMENT—SUMMARY JUDGMENT—GENUINE ISSUE OF FACT—EVI-
DENTIARY SUPPORT—COURT RULES.

Summary judgment grounded on the nonmoving party's failure to raise a genuine issue as to any material fact is permissible when the nonmoving party is unable to provide evidentiary support for his allegations (GCR 1963, 117.2[3]).

*H. Donald Bruce,* for plaintiffs.

*Foster, Swift, Collins & Coey, P.C.* (by *Michael J. Schmedlen),* for defendants Chojnowski and Brown, Colman & Dement.

Before: DANHOF, C.J., and BASHARA and CYNAR, JJ.

### AFTER REMAND

PER CURIAM. Plaintiffs appeal from an order of summary judgment for defendants. The trial judge based his order on the failure of the plaintiffs to raise a genuine issue as to any material fact. GCR 1963, 117.2(3).

This is not the first time that this action has been before our Court. In *Remes v Duby,* 69 Mich App 265; 244 NW2d 440 (1976), this Court reversed a trial court order of summary judgment. Plaintiffs

were granted, on remand, an opportunity to amend their pleadings to include specific allegations as to the defendant attorneys' part in directing the alleged trespass of deputy sheriffs Woods and Duby.

Such specific allegations were deemed necessary and essential to the retention of the attorneys as defendants. This appeal arises out of the subsequent trial court proceeding.

Plaintiffs' claim in the case at bar that their amended complaint meets the requisite specificity necessary to state a cause of action pursuant to GCR 1963, 117.2(1), and that the evidence submitted by the parties presents a genuine issue as to a material fact. GCR 1963, 117.2(3).

The amended complaint of plaintiffs contains one revised paragraph in which it is alleged that attorney Chojnowski directed Woods and Duby to make service on the plaintiffs "at any cost", including forceful entry into their home. Furthermore, they claim that:

"Subsequent inquiry to the Eaton County Prosecuting Attorney's office and the Eaton County Sheriff's office resulted in being told 'The attorney from Kalamazoo that secured and delivered the summons told the process servers of the Sheriff's Department that they had a right to enter the Remes' house and to get service on them at "any cost", and could break into the Remes' house to make service'."[1]

Motions brought under GCR 1963, 117.2(1) are to be tested on the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974). We find these pleadings sufficient to state a cause of action upon which relief could be granted so as to negate

---

[1] Plaintiffs' amended complaint, p 2.

the availability of summary judgment under GCR 117.2(1).

However, a motion for summary judgment grounded on GCR 1963, 117.2(3) is designed to determine whether there is any competent evidence that could support the claim. The courts must consider the pleadings, affidavits, depositions, admissions, and documentary evidence filed in the action. See Bashara, *The Elusive Summary Judgment Rule: Sifting Through the Maze,* 1976 Det Col L Rev 397.

Supporting affidavits must be based on personal knowledge, not merely information and belief, so that the affiant can testify competently if sworn as a witness.

The affidavit must set forth with particularity such facts as would be admissible as evidence. Opinion, conclusionary denials, unsworn averments, and inadmissible hearsay do not satisfy the court rule. *Durant v Stahlin,* 375 Mich 628, 657; 135 NW2d 392 (1965).

For the most part, plaintiffs' supporting affidavits contain inadmissible hearsay, mere conclusionary language and reiteration of the unsworn averments.

It is only Sheriff Hoag's affidavit which merits further consideration. In his affidavit he states that

"the attorney from said law firm contacted him and requested service be made at any cost, by any means, and offered $100.00 to $200.00 bonus for making the service; and that this information was passed on to Deputies Duby and Woods."

The material or ultimate fact needed to be proved in this case is whether defendant attorneys

ever directed that service on plaintiffs be made by use of illegal means.

We are compelled to agree with the findings of the trial judge that there is not one statement in all of the affidavits from which we may infer that the defendant attorneys advised anyone that the deputies were to serve the plaintiffs by forceful entry into their home.

The most that is found is that the summons was allegedly to be served "at any cost" and "by any means".

We agree with the trial court that it is not a function of the judiciary to indulge in the remote speculation that the statement contemplated service by other than legal means.

When the nonmoving party is unable to provide evidentiary support for the allegations, summary judgment is permissible. See *The Elusive Summary Judgment Rule, supra,* at 417.

The trial court properly found there was no genuine issue as to any material fact. The order of summary judgment is affirmed. Costs to defendants.