### FISER v CITY OF ANN ARBOR

Docket No. 46426. Submitted March 6, 1980, at Lansing.—Decided March 19, 1981.

Ronald Fiser brought an action against the City of Ann Arbor, David L. Miller, Donald Terry, and Walter Lunsford, Ann Arbor police officers, Esther Rupas and Nicholas Rupas, owners of a motor vehicle, and Michael L. Lehman, the driver of the vehicle, for damages for injuries arising out of a motor vehicle accident involving his vehicle and that driven by defendant Lehman which was being pursued by the police officers. Defendants police officers and the city moved for summary judgment, which motion was granted, Washtenaw Circuit Court, Edward D. Deake, J. Plaintiff appeals. *Held:*

1. The trial court properly granted summary judgment relative to the officers' decisions to continue their pursuit of Lehman. The decisions were discretionary and were immune from tort liability.

2. The trial court properly granted summary judgment relative to the officers' operation of their vehicles. Officers Miller and Terry were not in pursuit of Lehman at the time of the accident and Officer Lunsford's operation of his vehicle, even if negligent, was not a proximate cause of plaintiff's injuries.

3. The officers not being liable, the city also is not liable, and the court properly entered summary judgment.

Affirmed.

M. J. KELLY, P.J., dissented. He would hold that since the record reveals that the actions of Officer Lunsford do not exhibit as a matter of law due care for the safety of innocent

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 243, 244.

[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 263, 264.

Liability of governmental unit or its officers for injury to innocent occupant of moving vehicle, or for damage to such vehicle, as a result of police chase. 4 ALR4th 865.

[4] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

[5] 75 Am Jur 2d, Trial §§ 319-321, 378-380.

third persons the determination of whether his actions constituted a proximate cause of plaintiff's injuries was for the trier of fact. He would reverse the trial court's grant of summary judgment as to defendants Lunsford and the City of Ann Arbor.

OPINION OF THE COURT

1. MUNICIPAL CORPORATIONS — POLICE DEPARTMENTS — TORTS — GOVERNMENTAL IMMUNITY — STATUTES.

The management, operation, and control of a police department is a governmental function, and police officers are protected from liability for tortious acts committed in the scope of their employment where the acts are discretionary and not ministerial (MCL 691.1407; MSA 3.996[107]).

2. MUNICIPAL CORPORATIONS — POLICE DEPARTMENTS — DISCRETIONARY ACTS — AUTOMOBILES — GOVERNMENTAL IMMUNITY — STATUTES.

A decision by a police officer to pursue and to continue to pursue a fleeing motorist may be a discretionary act, in light of surrounding circumstances, which is immune from tort liability (MCL 691.1407; MSA 3.996[107]).

3. MUNICIPAL CORPORATIONS — POLICE DEPARTMENTS — NEGLIGENCE — TORTS — AUTOMOBILES — PROXIMATE CAUSE — STATUTES.

The negligent operation of a police vehicle by a police officer in pursuing a fleeing motorist will not give rise to statutory tort liability where such operation is not the proximate cause of an injury even though the officer's decision to pursue is a contributing cause (MCL 691.1405, 691.1407; MSA 3.996[105], 3.996[107]).

DISSENT BY M. J. KELLY, P.J.

4. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

*A trial court, before granting a motion for summary judgment, on the ground that except for the amount of damages there is no genuine issue as to any material fact and that the moving party is therefore entitled to judgment as a matter of law, must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial (GCR 1963, 117.2[3]).*

5. MUNICIPAL CORPORATIONS — POLICE DEPARTMENTS — TORTS — PROXIMATE CAUSE — AUTOMOBILES — QUESTIONS OF FACT — STATUTES.

*The actions of a police officer in pursuing a fleeing motorist may constitute a proximate cause of injuries sustained as a result of*

*the pursuit and give rise to statutory tort liability, and, where the facts of a case do not indicate as a matter of law that the officer acted with due care for the safety of innocent third persons, the determination whether the acts were a proximate cause of any injuries is for the trier of fact (MCL 691.1405; MSA 3.996[105]).*

*Erwin A. Salisbury,* for plaintiff.

*John K. Van Loon,* Chief Assistant City Attorney, for defendants City of Ann Arbor, Miller, Terry, and Lunsford.

Before: M. J. KELLY, P.J., and D. F. WALSH and BEASLEY, JJ.

PER CURIAM. Plaintiff, Ronald Fiser, appeals the entry of summary judgment for defendants City of Ann Arbor and Ann Arbor police officers David L. Miller, Donald Terry, and Walter Lunsford. In his complaint against these defendants, plaintiff sought damages for injuries sustained in an automobile accident involving plaintiff's car and a car driven by Michael Lehman, who was being chased by an Ann Arbor police car driven by defendant Lunsford at the time of the accident.

In the early morning hours of October 19, 1975, plaintiff was driving his automobile south on South Main Street in Ann Arbor. At the same time an automobile driven by Michael Lehman was proceeding east on Madison Street toward the intersection of Madison and South Main. Lehman was being pursued by a fully marked Ann Arbor police car with activated emergency sirens and overhead oscillating lights. Traveling at a high rate of speed, Lehman disregarded the flashing red light at the intersection, entered the intersection without stopping, and struck plaintiff's car, causing personal injury to plaintiff.

All three of the defendant police officers had
been involved in the chase of the vehicle driven by
Lehman. Lehman had first been seen by defen-
dants Miller and Terry when he failed to stop for
a flashing stoplight. Lehman ignored the officers'
signal to stop. Officer Miller, the driver of the
police car, activated the overhead emergency
lights and began to pursue Lehman. Lehman in-
creased his speed. At some point in the pursuit
Lehman lost control of his vehicle. After being
struck by the police car, Lehman's car came to a
stop. As Officer Terry left the police car, Lehman
sped away again, nearly running down Officer
Terry.

Officer Miller continued to pursue Lehman's
vehicle. After following him the wrong way on a
one-way street, Miller lost track of the Lehman
car. Officer Lunsford, who was also operating a
fully marked Ann Arbor police car and who had
received a radio report of the high-speed chase, the
collision with Officer Terry, and a description of
the Lehman vehicle spotted Lehman's car and
began pursuit with his emergency light and siren
activated. Lunsford pursued Lehman for approxi-
mately six blocks at a maximum speed of about 55
miles per hour. Lunsford saw Lehman ignore a
stop sign, make an improper turn, disregard the
flashing red light at Madison and South Main, and
strike the car driven by plaintiff. According to
Lunsford, Lehman's car had been going faster
than 55 miles per hour.

Plaintiff alleged that his injuries were caused by
the negligence of defendant police officers. Defen-
dants moved for summary judgment. In ruling on
the motion, the trial court reviewed the affidavits
of the police officers, the allegations of plaintiff's
amended complaint, and testimony given by Offi-

cer Lunsford at the hearing on the motion for summary judgment. The court identified two theories of negligence advanced by plaintiff: (1) defendant officers' negligent decisions to continue their pursuit of Lehman, and (2) defendant officers' negligent operation of their police cars. Summary judgment was entered for all defendants on both theories.

With respect to plaintiff's first theory, we affirm entry of summary judgment for defendants. Defendant City of Ann Arbor is statutorily immune from liability under this theory since the operation of a police department is a governmental function. MCL 691.1407; MSA 3.996(107). *Walkowski v Macomb County Sheriff,* 64 Mich App 460; 236 NW2d 516 (1975), *Berger v City of Berkley,* 87 Mich App 361; 275 NW2d 2 (1978), *lv den* 406 Mich 969 (1979).

The defendant police officers are protected from liability for tortious acts committed in the scope of their employment if their acts are "discretionary" and not "ministerial". *Antkiewicz v Motorists Mutual Ins Co,* 91 Mich App 389, 397; 283 NW2d 749 (1979), *Bush v Oscoda Area Schools,* 405 Mich 716, 734; 275 NW2d 268 (1979) (opinions of MOODY, J., and COLEMAN, C.J.). In our judgment, the decision of a police office to pursue and to contine to pursue a fleeing motorist, under circumstances like those in this case, is a discretionary act which is protected by immunity from tort liability. See *Bratt v City and County of San Francisco,* 50 Cal App 3d 550, 553; 123 Cal Rptr 774 (1975), *Sparks v City of Compton,* 64 Cal App 3d 592, 596; 134 Cal Rptr 684 (1976).

Under his second theory of liability for negligence, plaintiff sought to avoid governmental immunity through the motor vehicle exception:

"Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948." MCL 691.1405; MSA 3.996(105).

With respect to defendants Officers Miller and Terry, we affirm entry of summary judgment under plaintiff's second theory. It is undisputed that these officers did not operate or even occupy the police car which was pursuing the Lehman car at the time of the accident with plaintiff's car. Their sole participation, if any, at the time of the accident was in making the decision to chase. As noted above, they are protected from liability for any negligence in making that decision.

We next address the question concerning the liability of Officer Lunsford and the City of Ann Arbor with respect to Lunsford's allegedly negligent operation of the police vehicle.

We are of the view that plaintiff's injury was not caused by any "negligent operation * * * of a motor vehicle" by an employee of the City of Ann Arbor within the meaning of MCL 691.1405; MSA 3.996(105).

Certainly, an officer responding in an emergency situation must act in a reasonable manner. Officer Lunsford was required to pursue Lehman with due regard for the safety of the public in mind. But even if Officer Lunsford was operating his police vehicle negligently during the course of his pursuit of Lehman, that negligence was not a proximate cause of plaintiff's injuries since Officer Lunsford's vehicle was not involved in the accident in which plaintiff was injured. The accident was directly

caused by the negligent driving of Lehman, who was attempting to flee from an officer performing his duties. Whereas Lunsford's decision to chase may have been a contributing cause of the injuries suffered by plaintiff, the manner in which Lunsford drove the police vehicle was not. Since both the city and the officers are immune from liability for the making of the decision to pursue, summary judgment was properly granted.

The decision of the circuit court is affirmed.

M. J. KELLY, P.J. *(dissenting)*. We previously have held that a trial court considering a motion for summary judgment under GCR 1963, 117.2(3), must evaluate the pleadings, affidavits, depositions, admissions, and other documentary evidence to determine whether there is any competent evidence to support the claim. *Remes v Duby (After Remand)*, 87 Mich App 534, 537; 274 NW2d 64 (1978), *lv den* 406 Mich 986 (1979). Before summary judgment under this rule may be granted, a court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. *Fry v Ionia Sentinel-Standard,* 101 Mich App 725; 300 NW2d 687 (1980). In my view, the question of Officer Lunsford's negligence, and the consequent liability of the City of Ann Arbor, was an issue peculiarly well suited to be decided by the jury. As demonstrated by several decisions in other states, a pursuing officer's actions may constitute a proximate cause of injuries sustained in an accident even where the police vehicle was not directly involved.

In *Gibson v City of Pasadena,* 83 Cal App 3d 651; 148 Cal Rptr 68 (1978), the California Court of Appeals analyzed a trial court order dismissing the plaintiff's complaint in a wrongful death action. In *Gibson,* officers pursued a traffic violator

through 25 intersections, 12 of which had traffic control signals, at speeds exceeding 100 miles per hour. The violator's car eventually struck that of the plaintiff, at a point in time when the nearest police vehicle was approximately 300 feet behind. The Court stated:

"In the instant case, the police officers observed a car run a red light. The driver was wanted solely for a traffic infraction. The police officers exercised their own judgment and discretion in determining to stop him. Plaintiff alleges that the actual pursuit was the implementation of the basic discretionary decision to pursue. In carrying out their ministerial acts, the police officers owed a duty of care to the general public. It would appear that it is reasonably foreseeable to expect a 100-mile per hour chase through city streets to culminate in an accident. However, it is for the trier of fact to determine if such conduct amounts to negligence under the circumstances." *Id.*, 660.

The *Gibson* Court also distinguished *Bratt v City and County of San Franscisco,* 50 Cal App 3d 550; 123 Cal Rptr 774 (1975), relied upon by the majority, on the basis that *Bratt* did not involve an allegation of negligence in the actual pursuit. Unlike the immune decision to pursue, the *Gibson* Court concluded that the actual pursuit "could be classified as ministerial and thus not entitled to a general grant of immunity". Absent such immunity, a pursuing officer's actions could be the basis for a finding of negligent pursuit.

In an earlier case, *Reenders v City of Ontario,* 68 Cal App 3d 1045; 137 Cal Rptr 736 (1977), the California Appeals Court discussed the possible proximate cause nexus of a pursuing officer's conduct vis-à-vis the plaintiff's injuries. In *Reenders,* various officers pursued a motorcycle being driven by a man wanted for assault with a deadly weapon

(his motorcycle) and misdemeanor hit and run driving. The Court stated in pertinent part:

"We have no difficulty with the foreseeability of harm to the plaintiff. It is readily foreseeable that a motorist fleeing from pursuit by the police will operate his vehicle negligently and dangerously and cause injury to another user of the streets." *Id.*, 1053.

Because the traffic violator in *Reenders* was found to be intoxicated and there was a strong possibility that he was unaware of the police pursuit, the Court found no proximate cause. However, while the facts of *Reenders* did not support a finding of negligent pursuit therein, the Court recognized the possibility of such liability in cases exhibiting facts similar to those in the present case. See also *Alexander v City of New York,* 53 App Div 2d 846; 385 NYS2d 788 (1976), and *Kuzmics v Santiago,* 256 Pa Super 35; 389 A2d 587 (1978) for similar holdings.

In Michigan, the right of a police officer to disregard various traffic regulations, MCL 257.603; MSA 9.2303, does not absolve the officer of his duty to act as a "reasonably prudent man * * * in the discharge of official duties of a like nature * * *". *McKay v Hargis,* 351 Mich 409, 418; 88 NW2d 456 (1958). Further, by statute, MCL 691.1405; MSA 3.996(105), the negligent operation of a police vehicle is exempted from the general immunity afforded municipalities under MCL 691.1407; MSA 3.996(107). The facts surrounding Officer Lunsford's chase in this case do not, as a matter of law, exhibit due care for the safety of innocent third persons. Plaintiff's theory was that Lehman would not have been operating his vehicle in a reckless or negligent manner had the police abandoned the chase. Although that is certainly

speculative, I cannot say that no factual development would support a trier of fact in concluding that a high speed hot pursuit chase was a proximate cause of the plaintiff's injuries. Statistics and expert testimony, I think, could provide evidence from which a jury could conclude that the continued pursuit by Officer Lunsford was a proximate cause of plaintiff's injury, thus triggering the liability of the officer and the City of Ann Arbor. I would reverse the lower court's decision granting. summary judgment as to defendants Lunsford and the City of Ann Arbor.