ZAVALA v ZINSER

Docket No. 59195. Submitted November 10, 1982, at Detroit.—Decided February 23, 1983. Leave to appeal granted, 417 Mich 935.

Plaintiffs, Jose B. Zavala and Maria Zavala, brought an action in the Wayne Circuit Court against defendants, Andrea Zinser, Freida Y. Harris, the City of Detroit, and others, seeking damages for injuries received by Jose Zavala as a result of a shooting incident. While witnessing a fight, Mr. Zavala was shot by one of the participants. Plaintiffs sued several of the participants in the fight. They amended their complaint to add Zinser and Harris, Detroit police officers, and the City of Detroit. They alleged that defendant police officers had been negligent in failing to stop the fight, which they had witnessed, in failing to stop Mr. Zavala's assailant from shooting him, and in generally failing to uphold or enforce the law. They alleged a special relationship between Mr. Zavala and defendant police officers giving rise to a duty of due care toward him. Plaintiffs further alleged the vicarious liability of defendant city for the negligent conduct of its employees. Defendants Zinser, Harris, and the City of Detroit moved for a summary judgment. The trial court, Maureen P. Reilly, J., ruled that plaintiffs' claims against the city were barred by governmental immunity and that any duties owed by the police officers had been owed to the public generally and not to Mr. Zavala individually. The motion for summary judgment was, therefore, granted. Plaintiffs appeal challenging the court's determination that defendant police officers did not owe a private duty to Mr. Zavala. *Held:*

1. The duty of a law enforcement officer to preserve the peace is one which is owed to the public generally and not to particu-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 5, 6] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 243 *et seq.*

[2, 5, 6] 61A Am Jur 2d, Pleading § 18.

75 Am Jur 2d, Trial § 389.

[4] 4 Am Jur 2d, Appeal and Error §§ 476, 481.

5 Am Jur 2d, Appeal and Error § 772 *et seq.*

[5, 6] 73 Am Jur 2d, Summary Judgment § 26.

lar individuals. An officer is not liable to any particular individual but only to the public for breach of that duty.

2. The determination of whether a duty was owed by a defendant to an individual plaintiff is a question of law for the court to decide. Here, no facts were pleaded which showed a duty owed to these plaintiffs. The court properly granted the summary judgment for defendant police officers since an essential element of actionable negligence was missing.

3. Summary judgment was properly entered for the City of Detroit. The operation of a police department is a governmental function immune from tort liability. There was no allegation of intentional tortious conduct.

4. The record does not disclose the court's findings underlying its discretionary ruling denying defendants' request to amend their complaint to allege defendants' violation of 42 USC 1983. The case is remanded to the trial court to make the necessary findings and return the supplemented record to the Court of Appeals within 30 days of the effective date of this opinion.

Affirmed in part and remanded for further proceedings consistent with this opinion.

N. J. KAUFMAN, J., dissented and noted that a question exists as to whether the officers breached a ministerial duty to perform some minimum acts to preserve the peace. He believes that summary judgment was, therefore, improper. He also noted that plaintiffs raised the issue of a special relationship which would give rise to a duty of due care. Whether the officers acted reasonably was a question of fact for the trier of fact, therefore, summary judgment was improper. He would reverse.

### OPINION OF THE COURT

1. LAW ENFORCEMENT OFFICERS — PRESERVATION OF PEACE — DUTY.

A law enforcement officer's duty to preserve the peace is owed to the public generally and not to particular individuals; an officer is not liable to any particular individual but only to the public for breach of that duty.

2. PLEADING — QUESTIONS OF LAW — DUTY.

The determination of whether a duty was owed by a defendant to an individual plaintiff is a question of law for the court to decide.

3. GOVERNMENTAL IMMUNITY — POLICE DEPARTMENTS.

The operation of a police department is a governmental function immune from tort liability (MCL 691.1407; MSA 3.996[107]).

4. Trial — Record — Discretionary Rulings — Findings.

The Court of Appeals may remand to the trial court for supplementation of the record where the record does not disclose the findings underlying a discretionary ruling by the trial court.

### Dissent by N. J. Kaufman, J.

5. Governmental Immunity — Summary Judgment — Ministerial Duties — Law Enforcement Officers — Preservation of Peace.

*Summary judgment based upon governmental immunity is improperly granted on the issue of a police officer's liability for failure to preserve the peace where it cannot be said as a matter of law that the police officer did not breach his ministerial duty to perform some minimal acts to preserve the peace.*

6. Appeal — Summary Judgments — Law Enforcement Officers — Special Relationships — Due Care.

*A summary judgment is improperly granted in an action by a citizen against a police officer wherein the plaintiff raised the issue of a special relationship giving rise to a duty of due care by the officer where there is a question of fact which should go to the trier of fact regarding whether the officer acted reasonably.*

*Howard Schwartz* and *Gagleard, Munro, Addis, Imbrunone & Gagleard* (by *Michael A. Gagleard),* of counsel, for plaintiffs.

Before: D. C. Riley, P.J., and N. J. Kaufman and D. F. Walsh, JJ.

D. F. Walsh, J. Plaintiffs, Jose Baudelio Zavala and his wife Maria Zavala, appeal from the circuit court's entry of summary judgment in favor of defendants Sergeant Andrea Zinser, Officer Freida Y. Harris, and the City of Detroit. GCR 1963, 117.2(1).[1]

This controversy arose out of the shooting of

---

[1] Although the circuit court's order states that summary judgment was granted under "GCR 1963, 117.23", it is clear that the order was entered pursuant to GCR 1963, 117.2(1).

plaintiff Jose Zavala outside a Detroit bar in the early morning hours of November 2, 1975. As Mr. Zavala left the bar that morning, he encountered a large group of people in front of the building; some of the people, including Mr. Zavala's brother, were fighting. After shouting at his brother to stop fighting, Mr. Zavala was shot and seriously injured by one of the participants in the fight. At the time of the incident, defendants Zinser and Harris, City of Detroit police officers, were sitting nearby in their marked police vehicle.

Plaintiffs sued several of the participants in the fight.[2] They were later granted permission to amend their complaint to add defendants Zinser, Harris, and the City of Detroit. They alleged that defendants Zinser and Harris had been negligent in failing to stop the fight, in failing to stop Mr. Zavala's assailant from shooting him, and in generally failing to uphold or enforce the law. They alleged a "special relationship" between Mr. Zavala and defendant police officers giving rise to a duty of due care toward him. Plaintiffs further alleged the vicarious liability of defendant City of Detroit for the negligent conduct of its employees.

Defendants Zinser, Harris, and the City of Detroit moved for summary judgment under GCR 1963, 117.2(1). The court ruled that plaintiffs' claims against defendant city were barred by governmental immunity, and that any duties owed by defendant police officers in this case had been owed to the public generally and not to Mr. Zavala individually. The motion for summary judgment was, therefore, granted.

On appeal, plaintiffs challenge the court's determination that defendant police officers did not owe

[2] The record suggests that, following a jury trial, a judgment was entered in plaintiffs' favor against defendant Victor Guerra in the amount of $1,209,726.

a "private" duty to Mr. Zavala. After careful examination of the pleadings and studied consideration of plaintiffs' arguments, however, we are persuaded that the court's ruling was correct.

In essence, plaintiffs alleged no more than that defendant police officers had breached their duty to preserve the peace. It is well settled that the duty of a law enforcement officer to preserve the peace is one which is owed to the public generally and not to particular individuals; for breach of that duty an officer is not liable to any particular individual but only to the public. *South v Maryland,* 59 US (18 How) 396; 15 L Ed 433 (1855); *Annala v McLeod,* 122 Mont 498; 206 P2d 811 (1949); *Commercial Union Ins Co of New York v Wichita,* 217 Kan 44; 536 P2d 54 (1975); *Trautman v Stamford,* 32 Conn Supp 258; 350 A2d 782 (1975); 70 Am Jur 2d, Sheriffs, Police, and Constables, § 54, p 170; Anno: *Personal Liability of Policeman, Sheriff, or Similar Peace Officer or His Bond, for Injury Suffered as a Result of Failure to Enforce Law or Arrest Lawbreaker,* 41 ALR3d 700. See, generally, 2 Cooley on Torts (4th ed), § 295 *et seq.; Massengill v Yuma County,* 104 Ariz 518; 456 P2d 376 (1969); *Doe v Hendricks,* 92 NM 499; 590 P2d 647 (1979); *Shore v Stonington,* 187 Conn 147; 444 A2d 1379 (1982).

The determination of whether a duty was owed by a defendant to an individual plaintiff is a question of law for the court to decide. *Moning v Alfono,* 400 Mich 425; 254 NW2d 759 (1977), *reh den* 401 Mich 951 (1977); *Doe v Hendricks, supra.* In this case, no facts were pleaded which showed a duty owed to these plaintiffs. Since an essential element of actionable negligence was missing, therefore, the court properly granted summary judgment for defendant police officers.

Summary judgment was also properly entered for defendant City of Detroit. The operation of a police department is a governmental function. MCL 691.1407; MSA 3.996(107); *Fiser v Ann Arbor,* 107 Mich App 367; 309 NW2d 552 (1981), *lv gtd on other grounds* 412 Mich 915 (1982); *Walkowski v Macomb County Sheriff,* 64 Mich App 460; 236 NW2d 516 (1975). The trial court also correctly found that there had been no allegation of intentional tortious conduct. Compare, *Lockaby v Wayne County,* 406 Mich 65; 276 NW2d 1 (1979); *McCann v Michigan,* 398 Mich 65; 247 NW2d 521 (1976).

Plaintiffs also argue on appeal that the court abused its discretion in denying their request to amend their complaint to allege defendants' violation of 42 USC 1983. The record does not disclose the findings underlying the court's discretionary ruling; appellate review is impossible in this case without such findings. See *LaBar v Cooper,* 376 Mich 401; 137 NW2d 136 (1965); *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973). Accordingly, we remand to the circuit court for supplementation of the record. The court shall make the necessary findings and shall return the supplemented record to this Court within 30 days of the effective date of this opinion.

Affirmed in part and remanded for further proceedings consistent with this opnion. We retain jurisdiction.

D. C. RILEY, P.J., concurred.

N. J. KAUFMAN, J. *(dissenting).* I believe summary judgment was improper on the issue of the police officers' liability. A police officer is generally immune when performing discretionary acts. The plaintiffs alleged that the officers here sat back

and watched an altercation, preferring not to "intervene" until after Mr. Zavala was shot. The question becomes whether police officers have the discretion to sit back while an assault of this nature occurs. I believe there is a ministerial duty to perform some minimum acts to preserve the peace. The Detroit City Charter creates such a duty:

"The police department shall preserve the public peace, prevent crime, arrest offenders, protect the rights of persons and property, guard the public health, preserve order, and enforce the laws of the State and the Nation and the ordinances of the City." Detroit Charter, ch 11, § 7-1101.

Statutes of this state create a duty:

"It shall be the duty of the police and nightwatchmen and officers of the force under the direction of the mayor and chief of police, and in conformity with the ordinances of the city, and laws of the state, to suppress all riots, disturbances and breaches of the peace and to pursue and arrest any person fleeing from justice in any part of the state; to apprehend any and all persons in the act of committing any offense against the laws of the state, or the ordinances of the city, involving a breach of the peace, and to take the offender forthwith before the proper court or magistrate, to be dealt with for the offense; to make complaints to the proper officers and magistrates of any person known or believed by them to be guilty of the violation of the ordinances of the city, or the penal laws of the state; and at all times diligently and faithfully to enforce all such laws, ordinances and regulations for the preservation of good order and the public welfare as the council may ordain; and to serve all process directed or delivered to them for service, and for such purposes the chief of police, and every policeman and nightwatchman, shall have all the powers of constables, and may arrest upon view and without process, any person in the act of violating any

ordinance of the city involving a breach of the peace, or of committing any crime against the laws of the state. The chief of police and any policeman may serve and execute all process in suits and proceedings for violations of the ordinances of the city, and also any other process which, by law, a constable may serve." MCL 92.4; MSA 5.1752.

One of the basic rights contained in Detroit's Declaration of Rights is that:

"City government is a service institution.
"The City shall provide for the public peace and health and for the safety of persons and property in the City." Detroit Charter, Declaration of Rights, § 1.

A ministerial duty may also be shown by police department policy. If the departmental policy supports the general Declaration of Rights and the more specific charter and statutory provisions, an easier case for presence of duty is shown.[1] Regardless of the department's policy, though, the officers have a general duty to enforce laws and prevent breaches of the peace. It is not enough to say that this duty extends only to the "public". First, Mr. Zavala and others like him are the "public". Second, what "public" good—different from Mr. Zava-

[1] If, however, departmental policy dictates that officers should allow breaches of the peace in "rough" neighborhoods (a possibilty raised in this case by the plaintiffs) and the officers acted in conformity with that policy, a civil rights act violation may be shown, 42 USC 1983. I would liberally allow the plaintiffs an opportunity to amend their complaint to include this allegation. GCR 1963, 118.1; *LaBar v Cooper,* 376 Mich 401, 405; 137 NW2d 136 (1965); *Foman v Davis,* 371 US 178, 182; 83 S Ct 227, 230; 9 L Ed 2d 222, 226 (1962).

The plaintiffs alleged in their proposed amended complaint that the officers did not intervene because Mr. Zavala and others involved in the altercation are male Mexican-Americans. The officers are both females, one white and one black. Thus, the plaintiffs alleged in Count VIII, ¶ 49, that the officers "failed to act and stop said fight on account of race and gender * * *". Throughout their briefs and other supporting documents submitted to this Court and the trial court, the plaintiffs refer to the officers as "cowards".

la's "private" good—is served by police inaction? Third, if in breaching the "public" duty an individual is harmed, would the majority allow the individual a remedy? We are faced with the paradox of a "right" which cannot be enforced because no one member of the public would have standing to sue, yet the public as a whole would not be specifically injured. *Cf. Valley Forge Christian College v Americans United for Separation of Church and State, Inc,* 454 US 464, 493, fn 5; 102 S Ct 752; 70 L Ed 2d 700 (1982) (Brennan, J., *dissenting).* Interestingly, the majority cites decisions of the Connecticut courts for the proposition that the police owe only a general duty to the public. In *Sestito v Groton,* 178 Conn 520; 423 A2d 165 (1979), however, the Connecticut Supreme Court unanimously permitted an action by an individual on strikingly similar facts.

The plaintiffs also raised the issue of a "special relationship". This would give rise to a duty of due care. Whether the officers acted reasonably is a question of fact which should go to the trier of fact. Summary judgment was improper.

Serious allegations are raised in this case. A police department forced into inaction—whether for budgetary reasons or otherwise—poses dangers to individual liberties. The police are duty-bound to act against crime. That is the purpose behind having a police department. When police officers violate that duty, injured members of the public should be entitled to relief. Police officers must be permitted the discretion needed in the performance of their official duties, but breaches of their ministerial duties cannot go unremedied. Did these officers breach that ministerial duty? We do not know as a matter of law, and, therefore, summary judgment under a blanket application of governmental immunity was improper. I would reverse on these grounds.