■ In the Matter of the Appointment of a Committee of the Property of MARTHA C. VON BULOW, an Alleged Incompetent Person. CHEMICAL BANK et

al., Appellants-Respondents, v CLAUS VON BULOW et al., Respondents-Appellants. — Judgment of the Supreme Court, New York County (H. Bell, J.), entered on February 7, 1984, which, *inter alia,* declared Martha C. Von Bulow incompetent, and appointed as cocommittees of her nontrust assets, Chemical Bank, C. Sims Farr, and Javier White, is unanimously modified, on the law, to the extent of vacating the appointment of Javier White, and otherwise affirmed, without costs. ¶ The only issues on this appeal and cross appeal are the appropriateness of the cocommittees appointed by Special Term, and whether summary determination (CPLR 409, subd [b]) was proper under the circumstances of this special proceeding brought pursuant to article 78 of the Mental Hygiene Law. ¶ We agree with Special Term that the claimed factual issues of a potential conflict of interest on the part of Chemical Bank and the alleged partiality against the Von Bulow branch of the family are not substantiated, and thus summary determination was proper. We further hold that the appointment of the third cocommittee, Javier White, a stranger to the family, was not in the best interests of the incompetent (see *Matter of Berman,* 21 AD2d 136, 140; *Matter of Starrett,* 53 AD2d 846), and was thus an abuse of discretion. We so hold without in any way impugning the qualifications or fitness to serve of Mr. White. ¶ The nontrust assets which are to be administered by the cocommittees represent a relatively small portion of Mrs. Von Bulow's total assets, the bulk of which are held in trust. The trustees of that trust, since its creation in 1952, are Chemical Bank, Mrs. Von Bulow, and her mother, Mrs. Aitken, who has declined to serve as cocommittee herein. The nontrust assets consist of two accounts maintained with Chemical Bank, one for tax shelter purposes and one for investment, with an aggregate balance in excess of two million dollars, and three residential properties: two cooperative apartments in Manhattan, and Clarendon Court, a stately home in Newport, Rhode Island. Of the two Manhattan coops, one is occupied by Claus and Cosima Von Bulow, the husband and daughter, respectively, of the incompetent, and the other is the residence of Mrs. Von Bulow's daughter by a prior marriage. The duties of the cocommittees with respect to the real property will be primarily ministerial, and are presently being performed by Chemical Bank. The effect of the appointment of cocommittees will be merely to formalize the *status quo.* ¶ Special Term properly exercised its discretion in determining that the appointment of C. Sims Farr and Chemical Bank as cocommittees with a "special connection" to the incompetent (22 NYCRR 660.24) would be in the best interests of the incompetent. Mrs. Von Bulow personally selected Chemical to handle her extensive financial affairs upon attaining majority, and has referred her children to Chemical as well. Both Chemical and Farr are named as executors and trustees under her last will and testament, and Chemical is a trustee under various other trusts she has created over the years. ¶ Mr. Farr served as Mrs. Von Bulow's personal attorney and adviser since 1965. According to Mrs. Aitken, Mr. Farr was very close to Mrs. Von Bulow both as a friend and counselor. Even Claus Von Bulow, prior to this litigation, urged the appointment of Chemical and Farr as cocommittees. Special Term properly overruled the newly discovered objections to the appointment of Chemical (there is no objection to Farr) that are again raised on the cross appeal. They are based on an alleged bias by the bank against the Von Bulow side of the family, here Cosima, and an alleged preference for the other children and the Aitken group. We see no real indications thereof, nor do we see how the appointment of a stranger negates it. ¶ The appointment of a stranger as cocommittee would constitute an unjustified burden on the administration of the estate under the circumstances of this case. Chemical Bank has agreed to serve as cocommittee without fee if the only other cocommittee is Mr. Farr, but would insist upon a fee if it has to

serve with a stranger who is not familiar with the intricacies of the estate. While at first blush such an offer from a bank to serve without fee might well be viewed askance, upon further consideration the bank's position is reasonable. It would be relatively simple for Chemical to administer the nontrust assets on an in-house basis as it has been doing, but, if the bank has to educate a stranger and attend regular meetings with an outsider, it is understandable that a fee would be expected. The insubstantial evidence presented thus far of partiality does not justify this burden on the estate. Moreover, Claus Von Bulow maintained prior to this litigation that, if his wife were to recover, she would resent the appointment of a stranger as an invasion of privacy, and, "for this reason alone", no stranger should be appointed. ¶ We note parenthetically that, subsequent to the argument of this appeal, the Supreme Court of Rhode Island reversed the conviction of respondent Claus Von Bulow on two counts of assaulting his wife with intent to commit murder. The reversal of Mr. Von Bulow's conviction does not affect our conclusion that the best interests of the incompetent are best served as aforesaid, and that the interest of the minor daughter is adequately protected. Concur — Murphy, P. J., Kupferman, Carro and Milonas, JJ.