TOBIN v CIVIL SERVICE COMMISSION

Docket No. 78-4312. Submitted December 5, 1979, at Lansing.—Decided July 18, 1980. Leave to appeal applied for.

Defendant Michigan Department of Civil Service announced its intention to release to various labor organizations a list of the names and home addresses of the state's employees in the classified civil service. John L. Tobin, Audrey Miller, Pearl Venable, Laurence W. Giller and Daniel Beebe brought a class action in the Ingham Circuit Court against the Civil Service Commission and the Department of Civil Service to enjoin the Department's proposed action. The court, James T. Kallman, J., granted summary judgment for plaintiffs, holding that Freedom of Information Act compulsory disclosure of the list impermissibly invaded the commission's authority in civil service matters and apparently holding that the Freedom of Information Act prohibited release of the list as an unwarranted invasion of the employee's privacy and security. Defendants appeal. *Held:*

The Freedom of Information Act does not compel a public body to conceal information at the instance of one who opposes its release. Governmental publication of the home addresses of its employees does not tread upon the right of privacy afforded the employees by constitutional principles.

Reversed and remanded with instructions.

CYNAR, J., concurred in the result of the case. He believes that the Freedom of Information Act invests a public body with discretion in deciding whether or not to disclose information of a personal nature and that, in this case, after balancing the right and interest in disclosure against plaintiffs' interest in nondisclosure, the balance favors disclosure and defendants did not abuse their discretion.

OPINION OF THE COURT

1. STATUTES — FREEDOM OF INFORMATION ACT.
The Freedom of Information Act does not compel a public body to

REFERENCES FOR POINTS IN HEADNOTES
[1] 66 Am Jur 2d, Records and Recording Laws §§ 12 *et seq.*, 32 *et seq.*
[2, 3] 66 Am Jur 2d, Records and Recording Laws §§ 19, 23, 27.

conceal information at the instance of one who opposes its release.

2. CONSTITUTIONAL LAW — RIGHT OF PRIVACY — HOME ADDRESSES.

Governmental publication of the home addresses of its employees does not tread upon the right of privacy afforded the employees by constitutional principles.

CONCURRENCE BY CYNAR, J.

3. STATUTES — FREEDOM OF INFORMATION ACT.

*The Freedom of Information Act invests a public body with discretion in deciding whether to disclose information of a personal nature where disclosure is challenged on the grounds enumerated therein (MCL 15.243[1][a]; MSA 4.1801[13][1][a]).*

*Fraser, Trebilcock, Davis & Foster* (by *Michael E. Cavanaugh)*, for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene Krasicky* and *Carl K. Carlsen,* Assistants Attorney General, for defendants.

Before: DANHOF, C.J., and BEASLEY and CYNAR, JJ.

DANHOF, C.J. In November 1977, responding to numerous requests under the Freedom of Information Act, MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.* (FOIA), the defendant Michigan Department of Civil Service announced its intention to release to various labor organizations a list of the names and home addresses of the state's approximately 63,000 employees in the classified civil service. The instant action was brought by five classified employees, claiming to represent the interests of all their colleagues in the classified service, seeking injunctive and declaratory relief.

The complaint asserted that the FOIA granted the plaintiffs a right to prevent the disclosure of

public records containing information about them,
because the threatened release would constitute a
"clearly unwarranted invasion of [their] privacy",
MCL 15.243(1)(a); MSA 4.1801(13)(1)(a). It was also
asserted that if the act compelled disclosure of the
list, it was unconstitutional because that disclosure
would be in violation of the plaintiffs' rights of
privacy and because it would encroach upon the
Civil Service Commission's constitutional authority
to manage all matters concerning the classified
civil service, Const 1963, art 11, § 5; art 4, § 48.
Equitable relief was sought to prevent home con-
frontations with members of the public aggrieved
by the employees' official actions.[1]

The defendants claimed that disclosure of the
list would entail no infringement of the employees'
privacy sufficient to justify exemption of that rec-
ord from the FOIA requirements and that the
right of privacy derived from constitutional doc-
trines did not encompass the interest the plaintiffs
sought to protect. The plaintiffs' asserted exposure
to malevolent citizens was denied. The defendants
also took the position that the plaintiffs were
acting on behalf of the Michigan State Employees
Association, which, it was alleged, was seeking to
forestall efforts of other labor organizations to
marshall support among employees in the classi-
fied service.[2]

The defendants moved for summary judgment,

---

[1] Attached to the complaint were affidavits relating the plaintiffs'
experiences with verbal abuse and threats and physical attacks on
their persons and property by arrestees, unhappy taxpayers and
disappointed applicants for unemployment benefits. The affidavits
expressed the plaintiffs' fear that such confrontations would be car-
ried to their homes, should their home addresses be released to the
public.

[2] Two labor organizations unsuccessfully sought to intervene as
defendants, in order to argue for FOIA-compelled disclosure. They do
not appeal their exclusion from this action.

asserting that the complaint did not state a cause of action. GCR 1963, 117.2(1). The trial court entered judgment for the plaintiffs, observing that FOIA compulsory disclosure of the list impermissibly invaded the Commission's authority in civil service matters and apparently holding that the FOIA prohibited release of the list as an unwarranted invasion of the employees' privacy and security. The defendants appeal from the trial court's injunction against the release of the list.[3]

In this Court, the parties have argued extensively the interpretation and constitutionality of the FOIA. The defendants find themselves in a position that is rather unusual for public bodies in that they maintain that they are required to disclose information in their possession. Most of the FOIA charges and countercharges skirmish about this defense.

The unusual array of the parties in this action has presented an issue not often arising in litigation under freedom of information legislation. That issue concerns the authority of a public body to release records containing information that a subject of the records would prefer be kept securely in the government's grasp. The plaintiffs have persuaded the trial court that under some circumstances the FOIA requires concealment of records that are exempt from the act's requirement of disclosure.

---

[3] The plaintiffs willingly agreed to a limitation in the trial court's order preserving to the defendants the authority to release employee address lists under the terms of the department's "Regulation on Unit Determination and Exclusive Recognition," § 5(1), which provides:

"The Director shall provide the [employee, group of employees, individual or employee organization that has presented a sufficient petition for a representation election in a 'most appropriate unit' of classified employees], any intervenor with a 10 percent showing of interest and the Employer with a list of all eligible voters in the most appropriate unit together with their addresses of record within 15 calendar days of the Director's decision to conduct the election."

MCL 15.232(c); MSA 4.1801(2)(c), provides, in pertinent part:

" 'Public record' means a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created. This act separates public records into 2 classes: (i) those which are exempt from disclosure under [MCL 15.243; MSA 4.1801(13)], and (ii) all others, which shall be subject to disclosure under this act."

The treatment of exempt records is described by the act in these terms:

"A public body may exempt from disclosure as a public record under this act: [hereinafter are listed the exempted records]." MCL 15.243; MSA 4.1801(13).

Notably absent from the FOIA universe is a class of public records that must be preserved from disclosure. It is not possible to interpret public bodies' privilege to refuse disclosure of exempted materials as an obligation to protect those records from public view. The act itself demonstrates the Legislature's ability to distinguish between "may" and "shall". See also *Arnold v Ellis,* 5 Mich App 101; 145 NW2d 822 (1966), and *King v Director of the Midland County Dep't of Social Services,* 73 Mich App 253; 251 NW2d 270 (1977). We reach the inescapable conclusion that the FOIA does not compel a public body to conceal information at the instance of one who opposes its release. *Cf., Chrysler Corp v Brown,* 441 US 281; 99 S Ct 1705; 60 L Ed 2d 208 (1979).

The second basis of the plaintiffs' action was a claim that disclosure of their addresses would violate their constitutional right of privacy. While the viability of this claim is called into question

somewhat by the plaintiffs' acceptance of the commission's "10% rule", fn 3, *supra,* the plaintiffs clearly believe that the Commission has decided that the FOIA compels disclosure of the list. If this is the basis of the Commission's decision, it may be assumed that the Commission will further comply with the FOIA by making the list available to any member of the public who seeks it.[4] Therefore, the plaintiffs' constitutional claim is worthy of review.

The plaintiffs assert without elaboration that the decision of the Supreme Court of the United States in *Roe v Wade,* 410 US 113; 93 S Ct 705; 35 L Ed 2d 147 (1973), protects their home addresses from governmental disclosure to third parties. That opinion rests upon a number of other noteworthy decisions marking the outlines of a realm of conduct regarded as being so clearly a matter of personal concern as to attain the status of a "fundamental right" protected by the Fourteenth Amendment from governmental interference in all but the most unusual of circumstances. We note that *Roe* and its predecessors have dealt exclusively with the regulation of citizens' conduct and that most of these decisions addressed intimate matters of family and procreation, while a few had First Amendment overtones as well. The plaintiffs have suggested no philosophical link between their asserted right and the truly fundamental concern addressed in the privacy cases. None has occurred to us in our investigation of the issue. Accordingly, we decline this opportunity to declare the secrecy of a home address to be within the fundamental constitutional right of privacy.

We have held that government publication of the home addresses of its employees does not tread

---

[4] But *cf., Getman v National Labor Relations Board,* 146 US App DC 209; 450 F2d 670 (1971), and *Wine Hobby USA, Inc v United States Internal Revenue Service,* 502 F2d 133 (CA 3, 1974).

upon the right of privacy afforded the employees by constitutional principles. In the absence of such a right in the employees, it is the responsibility and prerogative of the government to weigh its employees' interests against the public purpose that is served by the release of such information and to decide the matter accordingly. We have also held that the Freedom of Information Act does not compel a government agency to keep secret any public record it is otherwise disposed to release. We must assume that the defendants have exercised their informed judgment in deciding to release the contested list to those organizations that have requested it. Our disposition of these issues, and the positions of the parties to this litigation, make a determination of the defendants' FOIA obligation to release the list both unnecessary and premature.

The judgment of the circuit court is reversed. The cause is remanded for entry of judgment for the defendants.

No costs, a public question.

BEASLEY, J., concurred.

CYNAR, J. *(concurring).* While concurring in the result reached in my brother DANHOF's opinion, I believe there is a need to further briefly state my position. At this stage of interpreting the FOIA on the question before us, I am only willing to say that upon balancing the right and interest in disclosure under the FOIA against plaintiffs' asserted privacy interest in nondisclosure of their home addresses, the balance favors disclosure under the facts and circumstances found in this case. While MCL 15.243(1)(a); MSA 4.1801(13)(1)(a), invests a public body with discretion in deciding

whether to disclose information of a personal nature when disclosure is challenged on the ground enumerated therein, a decision to disclose (or not to disclose) may nonetheless constitute an abuse of discretion in an appropriate case. My conclusion that the balance of factors favors disclosure in this case is thus tantamount to saying that defendants' decision to disclose was a proper exercise of discretion.