BOOTH NEWSPAPERS, INC v KALAMAZOO SCHOOL DISTRICT

Docket No. 103365. Submitted December 14, 1988, at Grand Rapids. Decided December 28, 1989. Leave to appeal applied for.

The Kalamazoo School District brought tenure proceedings against an unnamed teacher accused of sexual misconduct. A settlement agreement between the school district and the teacher ended the proceedings without any formal resolution of the charges. Booth Newspapers, Inc., doing business as the Kalamazoo Gazette, filed suit against the Kalamazoo School District in Kalamazoo Circuit Court pursuant to the Freedom of Information Act seeking to compel disclosure of the tenure charges against the teacher and the settlement agreement between the school district and the teacher. The court, Donald E. Goodwillie, J., ruled that the identities of the teacher and those students involved in the allegations of the teacher's sexual misconduct were not subject to disclosure pursuant to the privacy exemption but that the requested information, redacted to exclude personal identities, should otherwise be disclosed. The school district and the Kalamazoo Education Association/MEA-NEA, which intervened in the action on behalf of the teacher's interests, appealed the court's decision that the information requested, even though redacted to exclude the personal identifications, should be disclosed. Booth Newspapers cross appealed, seeking disclosure of the identities of the individuals involved.

The Court of Appeals *held:*

1. Disclosure of the requested information, if redacted of personal identities, does not amount to an intrusion upon privacy. Disclosure of the teacher's identity, however, would be intrusive of the teacher's privacy. Given the fact the requested information pertains only to bare allegations that have not and will not be adjudicated, due to the settlement agreement, and no criminal charges have been brought against the teacher, there is no justification for disclosing the identities of the

REFERENCES

Am Jur 2d, Records and Recording §§ 46.15, 46.18, 46.19.

See the Index to Annotations under Freedom of Information Acts; Personnel Department or Records; Schools and Education.

individuals involved. The court's order requiring redacted disclosure complied with the limits of the school district's duty under the Freedom of Information Act in light of its privacy exemption and achieved the proper balance of the public's interest in disclosure and the rights of the individuals not to have their privacy invaded.

2. The circuit court had statutory authority to have the names of the individuals involved redacted from the information disclosed.

3. The court did not abuse its discretion in awarding attorney fees intended to reimburse plaintiff for seventy-five percent of the attorney fees incurred in this action.

Affirmed.

1. PRIVACY — FREEDOM OF INFORMATION ACT — PERSONAL INFORMATION.

Information of a personal nature is exempt from disclosure under the Freedom of Information Act where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy (MCL 15.243[1][a]; MSA 4.1801[13][1][a]).

2. PRIVACY — FREEDOM OF INFORMATION ACT — SCHOOLS — TENURE PROCEEDINGS — NONDISCLOSURE — REMEDIES.

The Freedom of Information Act permits a school district, as a public body, to distinguish between and separate exempt and nonexempt information pertaining to tenure proceedings and imposes upon the school district a duty to disclose only nonexempt information; if a public body fails to make a required partial disclosure, a judicial remedy may be tailored to accomplish that which the public body should have done in the first place (MCL 15.240[1], 15.244[1]; MSA 4.1801[10][1], 4.1801[14][1]).

3. PRIVACY — FREEDOM OF INFORMATION ACT — ATTORNEY FEES.

The Freedom of Information Act confers discretion upon a court to award an appropriate portion of the reasonable attorney fees incurred by a party which has prevailed in part in an action brought pursuant to the FOIA; a plaintiff prevails when the action was reasonably necessary to compel the disclosure of information and the action had a substantial causative effect on the delivery of the information to the plaintiff; when the plaintiff prevails only as to a portion of the request, the award of fees should be fairly allocable to that portion (MCL 15.240[4]; MSA 4.1801[10][4]).

*Harry Contos, Jr.,* for plaintiff.

*Howard & Howard* (by *John G. Manske* and *Lawrence J. Murphy*), for Kalamazoo School District.

*White, Beekman, Przybylowicz, Schneider & Baird, P.C.* (by *James J. Chiodini*), for Kalamazoo Education Association, MEA-NEA.

Before: MAHER, P.J., and HOLBROOK, JR. and R. E. NOBLE,* JJ.

HOLBROOK, JR., J. This appeal is taken from an order of the circuit court granting partial relief on a request pursuant to the Freedom of Information Act. Plaintiff Booth Newspapers, Inc. requested and was denied copies of the tenure charges concerning allegations of sexual misconduct against an unnamed teacher and the settlement agreement between that teacher and the school district. The agreement ended the tenure proceedings without any formal resolution of the charges. After plaintiff brought suit to compel disclosure of the requested information, the circuit court decided that the identities of the teacher and those students involved in the allegations of the teacher's sexual misconduct were not subject to disclosure pursuant to the privacy exemption provided by MCL 15.243(1)(a); MSA 4.1801(13)(1)(a), but that the requested information, redacted to exclude personal identities, should otherwise be disclosed. Defendant Kalamazoo School District and intervening defendant Kalamazoo Education Association/MEA-NEA, acting on behalf of the teacher's interests, seek by their appeals to overturn the decision requiring any disclosure at all of the requested matters. Plaintiff cross appeals, seeking further disclosure of the identity of the teacher. We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 15.243(1)(a); MSA 4.1801(13)(1)(a) exempts from disclosure "[i]nformation of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy." In *State Employees Ass'n v Dep't of Management & Budget,* 428 Mich 104; 404 NW2d 606 (1987), the Court addressed the standard governing the privacy exemption, and several tests emerged from the differing opinions of the justices. We conclude that the same result should be reached in this case, regardless of which test is applied.

The lead opinion by Justice CAVANAGH, with which Justices LEVIN and ARCHER concurred, would not require that actions under the privacy exemption be determined by balancing the extent of the intrusion upon privacy against the public interest in disclosure. This view expressly precludes our consideration of the requesting party's identity or the purpose for which the information will be used because these matters are deemed to be irrelevant to the determination of whether the disclosure of the information would be a "clearly unwarranted invasion" of privacy. Whether the privacy exemption should be applied is to be determined in light of the following principles:

> The Legislature made no attempt to define the right of privacy. We are left to apply the principles of privacy developed under the common law and our constitution. The contours and limits are thus to be determined by the court, as the trier of fact, on a case-by-case basis in the tradition of the common law. Such an approach permits, and indeed requires, scrutiny of the particular facts of each case, to identify those in which ordinarily impersonal information takes on "an intensely personal character" justifying nondisclosure under the privacy exemption. [*Id.,* p 123.]

Under this approach, concepts derived from the common-law tort of invasion of privacy provide a helpful analogy in guiding the determination of the scope of the privacy exemption. For purposes of this tort, the right of privacy is violated by "[p]ublic disclosure of embarrassing private facts." *Tobin v Civil Service Comm,* 416 Mich 661, 672; 331 NW2d 184 (1982). See *Beaumont v Brown,* 401 Mich 80, 95-98; 257 NW2d 522 (1977). An embarrassing private fact concerns the private, as opposed to the public, life of the individual, and disclosure of facts of this nature would be highly offensive to a reasonable person. *Fry v Ionia Sentinel-Standard,* 101 Mich App 725, 728-729; 300 NW2d 687 (1980).

Applying the approach advanced by Justice CAVANAGH, we find ourselves in agreement with the position taken by the circuit court that disclosure of the requested information, if redacted of personal identities, does not amount to an intrusion upon privacy, given the evolving concepts of common-law privacy. The embarrassment derived from disclosure is its stigmatization of specific persons affected by allegations of wrongdoing; it follows that disclosure of the factual content of the requested information redacted of identities has little, if any, potential for embarrassment resulting from public disclosure. By the same token, we agree with the circuit court that disclosure of the teacher's identity would be intrusive of his or her privacy. It is hard to imagine anything more embarrassing than allegations pertaining to personal sexuality, particularly if the allegation is compounded by illicit and possibly criminal misconduct in sexual behavior. See *Pennington v Washtenaw Co Sheriff,* 125 Mich App 556, 567; 336 NW2d 828 (1983). In this case, however, it is more than merely the subject matter of the disclosure that

tends to cause embarrassment. Of particularly persuasive import is that the requested information pertains only to bare allegations that have not and will not be adjudicated one way or the other, given the parties' voluntary settlement. It goes without saying that the mere fact that an accusation has been made, particularly if it is ultimately found to be untrue, is capable of inflicting embarrassment, humiliation, and destruction of reputation of those named. Unlike cases where criminal charges against someone are pending, these allegations are subject to tenure proceedings kept out of the public eye. Cf. *Detroit Free Press, Inc v Oakland Co Sheriff,* 164 Mich App 656; 418 NW2d 124 (1987). There is perhaps great merit in disclosing action taken by a public body in addressing problems of this nature, but we see no justification for taking from those concerned their prerogative to keep their involvement in this matter secret. The circuit court's order requiring redacted disclosure complied with the limits of the school district's duty under the FOIA in light of its privacy exemption.

Other opinions issued in *State Employees, supra,* favor variations of a balancing test to resolve privacy exemption questions. An exemption pursuant to the view expressed by Justice BRICKLEY must satisfy a twofold test: (1) whether the information is "of a personal nature" and (2) whether disclosure would amount to a "clearly unwarranted" invasion of privacy, i.e., whether the balance of private and public interests favor nondisclosure. *State Employees, supra,* pp 127-128. According to Justice BOYLE, "where it is determined that the request seeks information of a personal nature . . . the intensely personal characteristics of the information sought must be balanced against the purpose for which the information is

sought, the purposes for which it may be used, and the efficacy of restrictions upon disclosure where partial nondisclosure appears necessary." *Id.,* p 129. According to Chief Justice RILEY, "a balancing of the public interest in disclosure against the privacy interest at stake is appropriate in determining which public records may be exempted pursuant to § 13(1)(a) of the act, and . . . the FOIA's core purpose as expressed in the policy section of the act, MCL 15.231(2); MSA 4.1801(1)(2), must be considered in weighing the public-interest side." *Id.,* p 130.

As we have previously observed, an accusation of sexual misconduct against an identified person employed as a public teacher is intensely personal in nature, although the contents of the accusation without reference to any individuals would not appear to implicate substantial privacy concerns. Regardless of what factors are weighed as public interests—plaintiff's interests in publishing newsworthy items, the readers' interests in being apprised of newsworthy matters, or the school district constituents' interests in the governance of public schools—the public interest does not outweigh the invasion of privacy that would follow from disclosure of the identity of the accused. Under any of the balancing tests advanced in *State Employees,* we conclude that the circuit court decision to disclose the information redacted of identities achieved the striking of a proper balance.

Defendant school district further argues that, even assuming that all requested information except personal identities was subject to FOIA disclosure, the circuit court lacked power to redact the requested documents of the names. However, MCL 15.244(1); MSA 4.1801(14)(1) permits the school district, as a public body, to distinguish between

and to separate exempt and nonexempt information and further imposes a duty upon the school district to disclose the latter information. MCL 15.240(1); MSA 4.1801(10)(1) provides a judicial remedy in the event of wrongful nondisclosure: "If the court determines that the public records are not exempt from disclosure, the court shall order the public body to cease withholding or to produce a public record *or a portion thereof wrongfully withheld . . . .*" (Emphasis added.) Thus, when the public body fails to make a required partial disclosure, it follows that a judicial remedy may be tailored to accomplish that which the public body should have done in the first place. We find no error in the procedural manner in which relief was granted. See also *International Business Machines Corp v Dep't of Treasury,* 71 Mich App 526, 539-541; 248 NW2d 605 (1976).

Defendant argues that the circuit court erred in awarding attorney fees intended to reimburse plaintiff for seventy-five percent of those fees incurred in this action. The court found that this award represented a reasonable apportionment of plaintiff's fees to the nonexempt portion of the information requested. MCL 15.240(4); MSA 4.1801(10)(4) confers discretion upon the court to award an appropriate portion of the requesting party's reasonable attorney fees when that party has prevailed in part. A plaintiff prevails when the action was reasonably necessary to compel the disclosure and the action had a substantial causative effect on the delivery of the information to the plaintiff. *Schinzel v Wilkerson,* 110 Mich App 600, 602; 313 NW2d 167 (1981), lv den 417 Mich 863 (1983). When the plaintiff prevails only as to a portion of the request, the award of fees should be "fairly allocable" to that portion. *Dawkins v Dep't of Civil Service,* 130 Mich App 669, 674; 344 NW2d

43 (1983), lv den 419 Mich 935 (1984). In this case, defendant's position from the outset has been that plaintiff was not entitled to any of the requested information, and this action has certainly been a substantial causative agent in compelling partial disclosure. We find no abuse of discretion in the decision to award attorney fees and in the allocation of those fees between exempt and nonexempt portions of the requested information.

Affirmed.