QUATRINE v MACKINAW CITY PUBLIC SCHOOLS

CURLEY v CHEBOYGAN AREA SCHOOLS

Docket Nos. 143626, 143627. Submitted March 8, 1994, at Grand Rapids. Decided March 22, 1994, at 9:30 A.M.

In separate actions brought under the Freedom of Information Act in the Cheboygan Circuit Court, educational records of certain students were sought by Nancy Quatrine, as next friend of Christopher Quatrine, a minor, from Mackinaw City Public Schools and by Jodi L. Curley from Cheboygan Area Schools. The defendants moved for summary disposition. The court, Robert C. Livo, J., consolidated the actions and granted partial summary disposition for the defendants. The plaintiffs appealed, and their appeals were consolidated.

The Court of Appeals *held:*

1. The trial court correctly granted summary disposition for the defendants because the plaintiffs did not provide written parental consent for the release of the records requested. MCL 15.243(1)(e); MSA 4.1801(13)(1)(e); 20 USC 1232g(b)(1),(2).

2. The trial court did not abuse its discretion in refusing to award attorney fees, costs, and disbursements to the plaintiffs. MCL 15.240(4); MSA 4.1801(10)(4).

3. The trial court properly refused to award attorney fees and costs to the defendants. MCL 600.2591(3)(b); MSA 27A.2591(3)(b).

Affirmed.

*Sumpter, Perry & McDonald, P.C.* (by *Thomas E. McDonald*), for the plaintiffs.

*Thrun, Maatsch & Nordberg, P.C.* (by *Martha J. Marcero*), for the defendants.

Before: SAWYER, P.J., and FITZGERALD and D. A. ROBERSON,* JJ.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

PER CURIAM. These consolidated appeals involve two cases that were decided jointly below because they raised identical issues. Plaintiffs appeal as of right from the circuit court orders that granted partial summary disposition to defendants and dismissed plaintiffs' claims, which were brought under the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* Both sets of parties also appeal the circuit court's denial of their respective requests for costs and fees. We affirm.

The trial court correctly granted partial summary disposition to defendants because plaintiffs did not provide written parental consent for the release of the records requested. MCL 15.243(1)(e); MSA 4.1801(13)(1)(e); 20 USC 1232g(b)(1) and (2).

Further, the trial court did not abuse its discretion in refusing to award attorney fees, costs, and disbursements to plaintiffs. MCL 15.240(4); MSA 4.1801(10)(4); *Booth Newspapers, Inc v Kalamazoo School Dist,* 181 Mich App 752, 759; 450 NW2d 286 (1989). The court also properly refused to award attorney fees and costs to defendants. MCL 600.2591(3)(b); MSA 27A.2591(3)(b).

Affirmed.