[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (OBJECTION TO MOTIONTO SEAL RECORD NO. 105)
On September 1, 1995, the pro se plaintiff, Valerie Henshaw, as parent and guardian of the minor plaintiff, filed an appeal from the decision of the Impartial Hearing Board of the State of Connecticut Department of Education (defendant). The issue on appeal concerns the hearing officer's findings as to whether the minor plaintiff is being educated in accordance with the mandates of the Individuals with Disabilities Education Act and Title II of the Americans with Disabilities Act.
On November 10, 1995, the defendant filed an "ex parte motion to seal the record" on the ground that the federal Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g (FERPA), and General Statutes § 10-76h(d)(1) provide that personally identifiable information concerning a child or pupil should not be made available for public inspection. Thus, the defendant wants to seal the administrative record in this matter, making it available only to counsel of record, because it deals with the educational program of a child.
On November 13, 1995, the plaintiff filed a "motion to CT Page 724 dismiss" the defendant's motion. Based on the parties' stipulation at short calendar, the court will treat the "motion to dismiss" as an objection to the defendant's motion to seal the record. The plaintiff objects to the defendant's motion on the ground that the "United States Department of Education Office of Civil Rights and other parties having an interest in this matter may wish to review these records."
The federal statute, 20 U.S.C. § 1232g(b)(1) provides in pertinent part that "[n]o funds shall be made available . . . to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein . . .) of students without the written consent of their parents to any individual, agency, or organization . . . ." Section 1232g(b)(2)(A) provides that a student's parents may give their written consent "specifying records to be released, the reasons for such release, and to whom. . . ." Section 1232g(b)(2)(B) further provides for the release of a student's records provided "such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena. . . ."
The purpose of FERPA "is to ensure access to educational records for students and parents and to protect the privacy of such records from the public at large." Student Press LawCenter v. Alexander, 778 F. Sup. 1227, 1228 (D.D.C. 1991). Under FERPA, there is "a strong public policy favoring the special protection of minors and their privacy where sensitive and possibly stigmatizing matters are concerned." WebsterGroves School Dist. v. Pulitzer Pub. Co., 898 F.2d 1371, 1375
(8th Cir. 1990). Thus, public schools are not required to release records protected by FERPA where written parental consent for their release was not provided. Quatrine v.Mackinaw City Public Schools, 204 Mich. App. 342,514 N.W.2d 254, 255 (1994). The court notes that in the present case, the plaintiff has failed to provide written consent for the release of the minor pupil's protected school records.
General Statutes § 10-76h(d)(1), which establishes the procedure for special education hearings, provides in pertinent part that "[t]he findings of fact, conclusions of law and decision shall be written without personally identifiable information concerning such child or pupil, so that such decisions may be made available for public inspections pursuant to sections 4-167 and 4-180a." In the present case, the court CT Page 725 orders that the portion of the administrative record which constitutes the hearing officer's findings of fact, conclusions of law and decision shall remain available for public inspection, provided that said findings of fact conclusions oflaw and decision of the hearing officer were written withoutpersonally identifiable information concerning the pupil orchild in question.[1] Such a result is mandated by the plain and unambiguous language of General Statutes § 10-76h(d)(1).
The court further orders that the remainder of the administrative record shall be sealed, as the legislature did not intend that these other parts of the record be made available for public inspection. If the plaintiff desires to have personally identifiable information concerning her minor child released to a federal agency or to members of the public, she must file her written consent with the appropriate school or state agency, in accordance with 20 U.S.C. § 1232g(b)(1) and1232g(b)(2)(B).
Accordingly, the defendant's motion to seal the record is granted in part and denied in part, and the plaintiff's objection to the motion is overruled in its entirety.